UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 21 CR 496 |
| v. | Hon. John Robert Blakey |
| RYAN ZELEK | District Judge |

### GOVERNMENT'S SENTENCING MEMORANDUM

Ryan Zelek raped and brutalized a 13-year-old girl and recorded video of it on his cell phone. Before he engaged in this reprehensible conduct, he had amassed a collection of child sexual abuse material representing thousands of images, including videos and images featuring infants and toddlers, as well as sadistic acts perpetrated against young children. A Guidelines sentence of 360 months' imprisonment is sufficient, but not greater than necessary, to punish the seriousness of defendant's offense and protect vulnerable victims from him in the future.

### I. BACKGROUND

The details of defendant's offense conduct are contained in the criminal complaint (Dkt. 1); the plea agreement (Dkt. 88); and the Presentence Investigation Report ("PSR"), including the Government's Version of the Offense ("GVO") (Dkt. 95).

On July 31, 2021, defendant, who was then 28 years old, had sex with a 13-year-old girl ("Minor 1"), whom he picked up from Clinton, Iowa, and drove to his residence in Wilmington, Illinois. Defendant recorded the rape on his cell phone. When law enforcement searched his cell phone and various electronic storage devices from his residence, they recovered child pornography, as defined in 18 U.S.C. § 2256.

Defendant sought out Minor 1 through the social media application Snapchat.[1] Prior to July 30, 2021, defendant had been communicating with Minor 1 for approximately two months using Snapchat. Defendant told Minor 1 that he was in his twenties, and Minor 1 told him that she was 13 years old. During their conversations, defendant requested that Minor 1 send him photographs of herself naked, and they discussed sex and exchanged sexually themed messages prior to meeting in person.

Around July 30, 2021, Minor 1 traveled to visit family in Clinton, Iowa, and defendant arranged to meet her during her trip. While she was visiting, Minor 1's guardian took her to see a movie at a theater in Clinton. During the movie, Minor 1 left the movie around 8:20 p.m. and met defendant outside the theater. He had driven from Wilmington, Illinois, to Clinton to pick her up. Minor 1's guardian went to find her, realized that she was not in the theater, and contacted law enforcement to report her missing.

Defendant drove Minor 1 back to his residence in Wilmington. During the trip from Iowa to Illinois, defendant instructed Minor 1 to turn her cell phone off and then took Minor 1's cell phone away from her. When they arrived at his residence, he offered her alcohol to drink, which she refused. They initially played video games, before defendant took Minor 1 to a bedroom in the house.

---

[1] Snapchat is used for sending and receiving messages, pictures, and videos, and provides the functionality for these items to self-destruct or disappear.

2

In the bedroom, they engaged in engaged in sexual activity that defendant video recorded using his Samsung Galaxy cell phone. Defendant blindfolded Minor 1 and restrained her in handcuffs. Defendant performed oral sex on Minor 1 and forced her to perform oral sex on him. They also had vaginal sex. During their encounter, and while Minor 1 was restrained, defendant slapped her, strangled her, and cut her chest. Defendant did not use a condom during sexual intercourse with Minor 1. Afterwards, defendant instructed Minor 1 to take a shower and, while she showered, he laundered her clothing.

According to Minor 1, as defendant drove her back to Clinton, he showed her a video on his cell phone that appeared to her to be home security video footage of police officers with flashlights arriving at his residence. This prompted defendant to tell Minor 1 that if the police questioned her about where she went, to just say that she went for a walk. Minor 1 stated that defendant told her to tell police she did not know him, if she was ever asked. When she was initially interviewed by law enforcement, Minor 1 did say that she had just left the movie theater to go on a walk by herself and initially denied any sexual contact with defendant.

On August 10, 2021, law enforcement agents searched defendant's residence and seized various electronic storage devices pursuant to a federal search warrant. Searches of those devices, including his cell phone, a white thumb drive, and an SD card, contained images and videos of child pornography, as defined in 18 U.S.C. § 2256(8)(A). According to defendant's post-*Miranda* statement to agents, between July 31, 2021, and his arrest on August 10, 2021, he downloaded the video of himself

3

having sex with Minor 1 from his cell phone to an SD card, which he claimed to have destroyed by physically breaking it and throwing it in the trash. Agents searched defendant's residence and trash extensively and never recovered a broken SD card. As noted above, agents seized and examined an unbroken SD card, which contained child sexual abuse material, but which did not contain video of Minor 1.

II. **THE PRESENTENCE INVESTIGATION REPORT'S GUIDELINES CALCULATION IS CORRECT**

The government agrees with the Guidelines calculation of 324 months to 405 months contained in the PSR. PSR ¶ 100. Pursuant to the cross-reference in Guideline § 2G1.3(c)(1), because the offense conduct in offense of conviction involved transporting a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, Guideline § 2G2.1 will apply, because the resulting offense level is greater than the offense level under Guideline § 2G1.3. PSR ¶ 20. Therefore, the base offense level is 32, pursuant to Guideline § 2G2.1(a), because the offense conduct involves the sexual exploitation of a minor. *Id.* ¶ 21.

Pursuant to Guideline § 2G2.1(b)(1)(B), a two-level increase applies because the offense involved a minor who had attained the age of twelve years, but not attained the age of sixteen years. *Id.* ¶ 22. Pursuant to Guideline § 2G2.1(b)(2)(A), a two-level increase applies because the offense involved the commission of a sexual act or sexual contact. *Id.* ¶ 23. Pursuant to Guideline § 2G2.1(b)(4)(A), a four-level increase applies because the offense involved material that portrayed sadistic or masochistic conduct or other depictions of violence. *Id.* ¶ 24. Pursuant to Guideline § 2G2.1(b)(6)(B)(i), a two-level increase applies because, for the purpose of producing

4

sexually explicit material, the offense involved the use of a computer or an interactive computer service to persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in sexually explicit conduct, or to otherwise solicit participation by a minor in such conduct. *Id.* ¶ 25. Finally, pursuant to Guideline § 3A1.3, a two-level increase applies because the victim was physically restrained in the course of the offense. *Id.* ¶ 26. Therefore, based on the facts now know to the government, the adjusted offense level is 44. *Id.* ¶ 29.

The government anticipates that defendant will truthfully admit the conduct comprising the offense of conviction and truthfully admit or not falsely deny any additional relevant conduct for which the defendant is accountable under Guideline § 1B1.3. If defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate. PSR ¶ 31.

Moreover, in accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level. *Id.* ¶ 32.

Therefore, based on the facts now known to the government, the anticipated offense level is 41 which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 324 to 405 months, in addition to any supervised release, fine, and restitution the Court may impose. PSR ¶ 100. The charge of conviction also carries a statutory minimum sentence of 10 years' imprisonment. *Id.* at ¶ 99.

A term of supervised release must be imposed and may range from five years up to a term of life. 18 U.S.C. § 3583(k). *Id.* at ¶ 102. Pursuant to Guideline § 5D1.2(b)(2), the Guidelines range for supervised release is five years to life. *Id.* at ¶ 103.

## III.   RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PSR

### A.   Paragraph 5

Paragraph 5 of the PSR contains information contained in Jerome Combs Detention Center records; defendant disputes the information contained in these records. The Probation Office properly sourced the information. The objection should be overruled.

### B.   Paragraph 6

Defense counsel provided the government copies of approximately 89 certificates of completion for online learning hours earned between June 2, 2025, and February 15, 2026. It appears defendant's objection to paragraph 6 is based on the Probation Office's exclusion of the earned online learning hours. The government has no objection to the Court considering defendant's online learning hours.

IV.    RESTITUTION

The government conferred with defense counsel who confirmed restitution is agreed as to each victim seeking restitution. However, there is one outstanding matter that must be resolved prior to the government's submission of amounts. The government intends to file a supplemental sentencing memorandum with the final agreed restitution amounts.

V.    THE FACTORS SET FORTH IN 18 U.S.C. § 3553(A) WARRANT A GUIDELINES SENTENCE OF 360 MONTHS' IMPRISONMENT

The advisory Guidelines range is the starting point and initial benchmark for determining the appropriate sentence for defendant. *See United States v. Carter*, 961 F.3d 953, 955 (7th Cir. 2020) (citing *Gall v. United States*, 552 U.S. 38, 49 (2007)). Although a sentence within the Guidelines range is presumptively reasonable, *see United States v. Major*, 33 F.4th 370, 384 (7th Cir. 2022), the court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. *See United States v. Smith*, 54 F.4th 1000, 1004 (7th Cir. 2022). In this case, a careful balancing of the § 3553(a) factors supports a 360-month sentence as sufficient, but not greater than necessary, to reflect the seriousness of defendant's crime, provide just punishment, afford adequate deterrence, promote respect for the law, provide the defendant with treatment in the most effective manner, and protect the public from future crimes by the defendant, particularly children.

C.    Term of Imprisonment

The extremely serious nature and circumstances of this crime call for a sentence within the Guidelines range. Defendant spent weeks grooming Minor 1 and

stole her away from her family at the first opportunity that he could manufacture. Determined to decrease the odds that she would escape, he drove her many miles away to an unfamiliar place and took away her cell phone. He then forcibly raped her and left her physically injured, which he filmed using his cell phone. Defendant then did everything that he could to hide the abuse: forcing Minor 1 to shower, laundering her clothes, and instructing her to lie to police. Defendant clearly foresaw the consequences of his actions, knew exactly how abhorrent his actions were, and yet abused Minor 1 anyway—callousness which warrants a prison sentence that deters the defendant from committing future crimes against children, promotes respect for the law, and protects the public from defendant's future crimes.

Any just punishment for defendant must account for the Minor 1's trauma from defendant's sexual abuse and the uncertainty of whether the video that defendant made will ever resurface. But the sentence must not only account for Minor 1's lifelong burden, but also the pain inflicted on the many victims of sexual abuse whose images defendant collected and stored. A 360-month prison sentence will also account for the burdens carried by the victims whose images defendant collected and stored.

### D.    Supervised Release

The government agrees with Probation's proposed eight-year term of supervised release, as well as the conditions of supervised release outlined in the PSR. PSR ¶ 103. Supervised release is needed to adequately deter defendant from committing additional crimes, to protect the public from his future crimes, and to provide defendant with the treatment needed to guard against recidivism in the most effective manner possible. *See* 18 U.S.C. § 3583(c); *see also* PSR ¶ 104.

## VI.   DEFENDANT'S ARGUMENTS IN MITIGATION

In his memorandum, defendant submits his version of the facts of the offense conduct as well as arguments in mitigation, including his mental health, prior abuse he suffered as a child, and an addiction to pornography.

Defendant submits, in summary, that the emphasis on Minor 1's statements to different law enforcement personnel and first responders on different occasions provides the Court with a more complete version of the facts and context of criminal conduct. It is true that after defendant blindfolded Minor 1, restrained her in handcuffs, forced her to perform oral sex on him, had vaginal sex with her, slapped her, strangled her, and cut her chest, that Minor 1 initially denied even being with defendant. However, in focusing on the "different allegations and claims made in the various statements" of Minor 1, defendant minimizes his conduct and asks the Court to believe that when he received photographs of thirteen-year-old Minor 1 and met Minor 1 in person that he did even question Minor 1's age.[2]

Defendant argues his offense conduct as it relates to Minor 1 "did not come from a place of predation, planning, or exploitation" (dkt. 107 at p. 6) and that he "is not a serial sexual predator but rather this crime was opportunistic and aberrant behavior" (*id.* at p. 4). This argument ignores the fact that (a) defendant's devices contained images and videos of child pornography and (b) that defendant filmed himself raping a thirteen-year-old. Moreover, it is telling that rather than deleting

---

[2] The government, as explained above, submits Minor 1 informed defendant of her age prior to their meeting in Iowa.

the video of himself having sex with Minor 1 defendant first downloaded the video from his cell phone to an SD card before allegedly destroying it. Given the totality of the circumstances – a collection of child pornography; filming himself having sex with Minor 1; and downloading the video to an SD card – the only conclusion which can be drawn is that defendant is a predator and remains a threat to the public.

## VII.   CONCLUSION

For the reasons above, the government respectfully requests that this Court impose a Guidelines sentence of 360 months' imprisonment, as well as an eight-year term of supervised release.

Respectfully submitted,

ANDREW S. BOUTROS
UNITED STATES ATTORNEY

By:   */s/ Kristin M. Pinkston*
Kristin M. Pinkston
Assistant United States Attorney
United States Attorney's Office
219 S. Dearborn St., 5th Floor
Chicago, Illinois 60604
(312) 353-5300

Dated: June 9, 2026

10